# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS MAX, | ) |
|                     **Plaintiff,** | ) |
| v. | )     Case No. 05 C 2443 |
| CONTOUR SAWS, INC., | ) |
|                     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Carlos Max has sued his former employer, Contour Saws, Inc., for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621. Contour has moved for summary judgment. For the reasons stated below, the Court grants Contour's motion.

## Facts

Contour manufactures industrial saw blades. In September 1979, Contour hired Max and soon transferred him to a position in its carbide department, where he worked as a grinder, responsible for grinding and welding saw blades. In that role, Max received assignments on a work order, or "traveler," which his foreman either placed on his machine or directly handed to him. The traveler contained the saw specifications requested by the customer for that particular order.

Contour advised grinders to take frequent measurements while grinding a saw to ensure that carbide thickness, or "kerf size", stayed within the ± 0.002 tolerated error rate. Max contends that Contour did not require grinders to take frequent measurement but simply suggested they do so.

Around March 1997, Contour promoted Max, then age 50, to first shift leadman for the carbide department.  In September of 2000, Max received a verbal warning for punching three roles of coil at the wrong size.  In February of 2001, Max received a performance review in which Contour informed him that his performance was declining.

On March 28, 2003, Tom Koszewski, Max's supervisor, gave Max a work order for job 30830.  Max claims that Bruce Seaton, who was seven years younger than Max, was assigned to work on the job with him.  On March 31, Max began working on job 30830, but he could not locate the traveler after conducting a preliminary search.  Max claims that he told Koszewski that the traveler was missing and that Koszewski instructed him to grind a kerf size of 0.085.  A day later, Max finally received a copy of the traveler, which disclosed that the customer had actually requested a kerf size of 0.095.  Unfortunately, Max did not double check the traveler and continued to grind the saw based on Koszewski's alleged instructions.

Max worked on job 30830 for a total of seven days.  On April 8, Edward Nowak, the second shift grinder on Max's machines, began assisting on job 30830 and quickly discovered that Max was grinding to the wrong specification.  Nowak promptly informed John Przybylski, Vice President for Manufacturing, about the error.  On April 9, two second shift inspectors measured the incorrect blade and determined that Max had ground approximately 1100 feet to the wrong specification. Przybylski determined that the blade was not saleable and that Max's error cost Contour nearly $8,000.

On April 10, 2003, Przybylski told Chuck Davis, Senior Vice President, about Max's mistake and suggested that he terminate Max's employment.  Davis then instructed Ken Stock, who worked in Contour's human resources department, to do exactly that.  Max was over fifty

2

years old at the time of termination. Contour did not terminate Seaton, the other grinder who allegedly assisted Max on work order 30830, and it did not immediately hire another grinder to replace Max. Instead, the record suggests that for the next two years other grinders assumed Max's duties. *See* Przyblyski Dep. at 10; Przyblyski Aff. II at 12. In May 2005, Contour promoted Mirral Bonslav, who is less than 40 years old, to a grinder position.[1] *Id.*

Max contends that by firing him without warning, Contour failed to follow its ordinary discipline procedure. Though Contour has never distributed a written employee handbook describing employment practices and procedures, it has relied on an informal system of verbal discipline and performance evaluations with occasional documentation. If an employee had a performance or conduct problem, a supervisor would verbally discuss it with the employee and occasionally document the conversation on paper. If the same problem arose a second time, a supervisor would then speak with the employee and ask him to sign a piece of paper documenting the problem. If the issue arose a third time, Contour would terminate the employee. If problems arose that were distinct from previously documented disciplinary action, termination would not be a first step. Contour contends that if an employee committed a sufficiently serious first offense, such as the one Max committed, it could be grounds for termination.

## Discussion

Summary judgment is appropriate when the pleadings, depositions, answers to

---

[1] Contour's reply brief contains a scrivener's error. It states that Contour promoted Bonslav to a grinder position one year after Max was terminated. However, the affidavit which the reply brief cites as well as Contour's Response to Max's Local Rule 56.1 Statement both state that Bonslav was promoted two years after Max was terminated.

interrogatories, admissions, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In this case, the Court must view the facts in favor of Max and draw all reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The ADEA provides that it is unlawful for an employer to discharge any individual because of his age. 29 U.S.C. § 623(a)(1). Max has brought his age discrimination claim under a disparate treatment theory, which means he must prove that his age played a role in Contour's decision making process and had a "determinative influence on the outcome." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000). In other words, Max must show that "but for" age discrimination, he would not have been fired. *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 396 (7th Cir. 1997).

Max can survive Contour's summary judgment motion by submitting evidence from which a jury reasonably could find that he was terminated because of age, either by the direct method of proof or by the indirect *McDonnell Douglas* burden-shifting method. *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). Max relies exclusively on the indirect method, which requires a plaintiff to establish a *prima facie* case by offering evidence that he was a member of a protected class, he was meeting his employer's legitimate workplace expectations, he was terminated, and other similarly situated individuals outside his protected class were treated more favorably. *See, e.g., Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 571-71 (7th Cir. 1998).

As is often the case in employment discrimination lawsuits, the parties agree that Max has satisfied the first and third elements of a *prima facie* case but disagree about the second and

fourth elements. The Seventh Circuit has held that a plaintiff alleging age discrimination can demonstrate the fourth element – that similarly situated individuals outside the plaintiff's protected were treated more favorably – in one of two ways. First, in cases like this one, where the plaintiff was terminated for cause, he may offer evidence that a substantially younger individual's performance was similarly unsatisfactory but that he or she was not terminated. *See, e.g., Raymond v. Ameritech Corp.*, 442 F.3d 600, 610-611 (7th Cir. 2006); *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 330-31 (7th Cir. 2002). Second, the plaintiff may offer evidence that he was replaced by a substantially younger employee. *See, e.g., Olson v. Northern FS, Inc.*, 387 F.3d 632, 635 (7th Cir. 2004); *Hoffman v. Primedia Special Interest Publ'ns*, 217 F.3d 522, 525 (7th Cir. 2000).

The evidence Max offers to establish this element is insufficient to withstand summary judgment. He first points to Seaton as a similarly situated, younger employee who Contour treated more favorably. He claims that Seaton was equally responsible for grinding the sub-standard saw but was not terminated. The problem with Seaton, however, is that he is not significantly younger than Max. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-313 (1996) (stating that an inference of age discrimination cannot be drawn by an employer's favorable treatment of "insignificantly younger" workers). The Seventh Circuit has held on more than one occasion that an individual seven years younger than the plaintiff is not "significantly younger" and cannot be used to establish the fourth element of a *prima facie* case. *See, e.g., Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 619 (7th Cir. 2000); *Hartley*, 124 F.3d at 893.

Max next attempts to satisfy this element by demonstrating that Contour replaced him

5

with a substantially younger employee. *See* Pl. Resp. at 6. The undisputed evidence, however, reflects that Max was not replaced at all. Instead, Contour operated with one less grinder for a period of two years and then hired Mirral Bonslav to the grinding department in May 2005.[2] *See* Przybylski Dep. at 10; Przybylski Aff. II at 12. This evidence does not indicate that Contour replaced Max with a younger employee. *See Gadsby v. Norwalk Furniture Corp.*, No. 93 C 420, 1994 WL 411724, *3 (N.D. Ill. Aug. 4, 1994) (holding that the plaintiff was not replaced within a sufficient time to raise an inference of discrimination where the defendant hired a new employee in plaintiff's former department no sooner than seventeen months after the plaintiff's termination).

This situation is more akin to a mini-reduction-in-force (mini-RIF) case, where the plaintiff's duties are absorbed by others in his department. *See, e.g., Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d 1039, 1043 (7th Cir. 2000). To establish the fourth element of a *prima facie* case in a mini-RIF situation, the plaintiff must offer evidence that "his responsibilities were absorbed by employees not in the protected class." *Id.* Max has not offered evidence that the individuals who absorbed his duties were significantly younger than he. Consequently, he cannot establish that Contour treated similarly situated and significantly younger employees more favorably, and

---

[2] During his deposition, Przybylski testified that Contour did not replace Max after he was terminated but promoted Bonslav to the grinder position some time later. Przybylski did not specify when Bonslav was promoted, however, and an affidavit attached to Contour's reply brief clarified that Bonslov was promoted in May 2005. The Court has taken this affidavit into account in ruling on Contour's motion, as "[t]here is no blanket prohibition from filing additional affidavits when a movant for summary judgment files a reply brief following a nonmovant's response." *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003). Furthermore, a district court is entitled to take such affidavits into account where, as here, the affidavits do not contradict the affiant's deposition testimony and the non-moving party does not request further discovery under Rule 56(f) of the Federal Rules of Civil Procedure. *Id.*

no jury reasonably could find that Contour terminated him because of his age.

Max also contends that a reasonable inference of age discrimination can be gleaned from isolated statements allegedly made by Przybylski and others in which they referred to Max as an "old man." To the extent Max may be arguing these comments are direct evidence of discrimination, the argument is rejected, because the comments bear no connection to the employment decision in question. *See Cianci v. Pettibone Corp.*, 152 F.3d 723, 727 (7th Cir. 1998). Had Max established a *prima facie* case, these comments, coupled with other evidence, might have been relevant to the issue of pretext. *See Huff v. UARCO, Inc.*, 122 F.3d 374, 385 (7th Cir. 1997). But because he has failed to establish a *prima facie* case, entry of summary judgment is appropriate.[3]

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion for summary judgment [docket no. 21]. The Clerk is directed to enter judgment in favor of the defendant. The trial date of January 8, 2007 is vacated.

_____
MATTHEW F. KENNELLY
United States District Court

Date: June 9, 2006

---

[3] Max also contends that another older employee in the carbide department was terminated two years before he was. This termination is not evidence of age discrimination. *See Vanasco v. National-Louis Univ.*, 137 F.3d 962, 967 (7th Cir. 1998) ("evidence of scattered decisions either favoring or disfavoring older employees . . . is certainly insufficient, without more, to prove a pattern of age discrimination.").